IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| In re GARY LEE ENZLER, | Cause No. CV 16-100-H-DLC-JTJ |
| Petitioner. | ORDER STAYING CASE |

On October 26, 2016, Enzler filed with the Court a voluminous document that is frequently illegible and incoherent. Enzler is a state prisoner proceeding pro se. Because Enzler seems to allege his current custody is unconstitutional, the Court filed the document as an application for writ of habeas corpus under 28 U.S.C. § 2254.

Enzler seeks forma pauperis status. *See, e.g.*, Pet. (Doc. 1), "Petition(s) to Proceed In Forma Pauperis." Although he does not submit the appropriate documentation, the Court takes judicial notice of the fact that he is represented by the Office of the Appellate Defender in state court. Fed. R. Evid. 201(b)(2); *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011). His motion to proceed in forma pauperis will be granted, subject to review if and when further proceedings follow.

Enzler is in custody because he pled guilty to sexual assault and was sentenced to a prison term. He moved the trial court for leave to withdraw his guilty plea. The trial court denied the motion. Enzler's appeal of that ruling is currently pending in the Montana Supreme Court. *See State v. Enzler*, No. DA 15-

1

0495 (Mont. filed Aug. 13, 2015). Enzler is represented by counsel in that appeal.

In the typical case, the Court would dismiss the federal petition without prejudice. That is what happened the first time Enzler filed a habeas petition in this Court. *See* Order (Doc. 6) at 2, *Enzler v. Berkebile*, No. CV 15-02-H-DLC-JTJ (D. Mont. filed Mar. 13, 2015).

Enzler's case, however, may not be typical. Whatever the ultimate merits of his competency, there is at least a potentially serious issue about his competency to represent himself. *See generally Indiana v. Edwards*, 554 U.S. 164, 177-78 (2008) (distinguishing competency to assist in defense from competency to represent oneself); *see also Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam). According to Enzler's counsel in the state appeal, the trial court found Enzler was not competent to proceed with his motion to withdraw his guilty plea. A mental health professional has also testified that his condition may be getting worse. *See* Appellant Br. at 6-8, *Enzler*, No. DA 15-0495 (Mont. filed Aug. 5, 2016).

If there is a realistic prospect that Enzler's condition may continue to decline, he may not have the wherewithal to file again in federal court for a third time, after his state remedies are exhausted. Under the unusual circumstances here, dismissing Enzler's federal petition now may inadvertently prevent him from ever

proceeding in federal court. Yet an incompetent person has the same right to federal habeas review as anyone else.

A federal habeas petition may be stayed if three conditions are met.[1] *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). First, there must be good cause for the petitioner's failure to exhaust state remedies before filing the federal petition. The trial court's purported finding and the mental health professional's purported testimony provide a "concrete and reasonable excuse" for Enzler's failure to exhaust his state remedies before filing the federal petition—an excuse that will not apply to every premature filer whose petition is hard to understand. *See Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014). Second, at least one unexhausted claim must be *potentially* meritorious. Based solely on Enzler's appellate brief and his submission to this Court, his claim that he did not know what he was doing when he pled guilty appears to meet that very low standard. Third, there must not be any indication that the petitioner has been using delaying tactics. If Enzler's competency is questionable, it is unlikely that he is engaging in tactical delay. The three *Rhines* factors are met.

The Court recognizes that a petitioner has only a limited right to be competent in federal habeas proceedings. *See, e.g.*, *Ryan v. Gonzales*, __ U.S. __, 133 S. Ct. 696, 708-09 (2013). But here the stay is not imposed to allow Enzler to

---

[1] The petitioner is not required to show he has exhausted any claim for relief. *See Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016).

become competent. It is imposed to allow Enzler to exhaust state remedies. A stay will not delay a disposition on habeas or frustrate the State's legitimate interest in finality to any greater extent than any timely filed and timely decided federal habeas petition. And, of course, unlike a capital case, here the execution of the sentence is not affected by a stay.

"[T]he petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Rhines*, 544 U.S. at 278. The federal petition will be stayed pending resolution of Enzler's motion to withdraw his guilty plea in state court. If Enzler obtains the relief he seeks there, the federal petition will be dismissed. But if he is not successful in state court and wishes to proceed here, any lack of competency will not prevent him from doing so.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Enzler's motion to proceed in forma pauperis is GRANTED. The clerk shall waive payment of the filing fee.

2. This matter is STAYED pending resolution of Enzler's motion to withdraw his guilty plea in state court.

DATED this 14th day of November 2016.

    /s/ John Johnston
John Johnston
United States Magistrate Judge