IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| GARY LEE ENZLER, | CV 16–100–H–DLC–JTJ |
| Petitioner, | |
| vs. | ORDER |
| DOUGLAS FENDER; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

United States Magistrate Judge John T. Johnston issued his Findings and Recommendation in this case on August 29, 2018, recommending that the Court dismiss Enzler's Amended Petition for Writ of Habeas Corpus, brought pursuant to 28 U.S.C. § 2254, and deny a certificate of appealability. (Doc. 14.) Through counsel, Enzler timely filed objections to the Findings and Recommendation. (Doc. 17.) Consequently, Enzler is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear

-1-

error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Filed by court-appointed counsel, Enzler's second amended habeas petition includes two claims. First, Enzler alleges ineffective assistance of trial counsel ("IAC") arising from his claim that trial counsel coerced Enzler's involuntary guilty plea. Enzler's second claim is grounded in several of a criminal defendant's constitutional rights—the right against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers, *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)—which cannot be waived unless the defendant's guilty plea is "voluntarily and intelligently made by [the] competent defendant[] with adequate advice of counsel," *Brady v. United States*, 397 U.S. 742, 757 (1970).

Judge Johnston recommended denial of Enzler's habeas petition as to both claims. Regarding Enzler's IAC claim, Judge Johnston found the claim both procedurally defaulted and without merit. (Doc. 14 at 17–19 & n.5.) As to Enzler's claim of incompetence, Judge Johnston found it more efficient to deny it on the merits than to address procedural default. (Doc. 14 at 5.) He recommended denying the claim as unsupported by the record. (Doc. 14 at 5–17.)

Enzler objects, primarily arguing that Judge Johnston failed to review his claims de novo and instead applied the deferential standard demanded under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As to Enzler's first claim for relief, Enzler contends that he is entitled to de novo review of the record because his post-conviction counsel was ineffective in failing to raise Enzler's claim for ineffective assistance of trial counsel, excusing Enzler's failure to raise his claims before the state court pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013). Enzler argues that his second claim for relief should also be reviewed de novo because the state court's adjudication of that claim "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). Enzler asks the Court to reject the Findings and Recommendation and again refer this matter to Judge Johnston for de novo review and an evidentiary hearing as to both of Enzler's claims.

The Court overrules Enzler's objections. Although Enzler is entitled to de novo review of the Findings and Recommendation, the state court must be given deference under AEDPA. Applying the appropriate standard, Enzler's petition must be denied. What is more, even if the Court were to review the state court record de novo, it would find the petition without merit.

## I.  Ineffective Assistance of Counsel

Enzler's IAC claim arises from Enzler's allegation that trial counsel coerced Enzler into involuntarily pleading guilty. Judge Johnston recommended denying this claim because "Enzler's allegations are contradicted by the record of the case." (Doc. 14 at 17.) Enzler objects, arguing that, although the claim is procedurally defaulted, the procedural default is excused and the claim must be reviewed de novo. (Doc. 17 at 3–4.) While Enzler concedes that Judge Johnstone apparently did, in fact, apply de novo review, Enzler argues that error arose from the refusal to order a response from the State and hold a hearing on this claim. (*Id.*)

Because Enzler timely objected to the Findings and Recommendation, the Court reviews de novo whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases in the United States District Courts. The Court concludes that "it plainly appears" that Enzler cannot succeed on his IAC claim. *Id.*

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. U.S. Dist. Ct.*, 98 F.3d 1102, 1109 (9th Cir. 1996). Here, Enzler has no facts to support his claim, but only an assertion that trial counsel coerced him to plead guilty. This assertion is not only unsupported, it is plainly contradicted by the record. Further—and

-4-

despite Enzler's claim to the contrary—the state court reached a legally and factually reasonable decision on the merits of this claim.

## A. Procedural Default

A district court lacks jurisdiction to hear a habeas claim that is procedurally defaulted—that is, a claim that the petitioner did not bring before the state court in the first instance—unless the procedural default is excused. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) ("[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule."). Here, Enzler admits procedural default. (Doc. 17 at 3.) However, he asserts that the default is excused under *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013). If, indeed, Enzler's claim were procedurally defaulted, the Court would disagree that such default was excused. This case does not involve "the default of a single claim—ineffective assistance of trial counsel—in [the] single context [excusing procedural default]—where the State effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal." *Davila*, 137 S. Ct. at 2062–63.

That said, Enzler's position on procedural default must be rejected for a separate reason. The Court need not determine whether *Martinez* and *Trevino* save

Enzler's claim because even if the claim was procedurally defaulted, the Montana Supreme Court reached a decision on the merits. Enzler's state post-conviction appellate counsel fully briefed the issue before the Montana Supreme Court, arguing that counsel in the district court proceeding was ineffective because he failed to "attempt to present any evidence in support of Mr. Enzler's previous, pro se claims that his guilty pleas were the involuntary result of his attorneys' ineffective assistance and coercion." (Doc. 13-3 at 7; *see generally id.* at 7–9.) Although appellate counsel couched this claim within a broader argument that the district court erred in adjudicating Enzler's post-conviction claims despite Enzler's incompetence during that time period,[1] the Montana Supreme Court understood and responded to this claim.

## B. Merits

The Montana Supreme Court considered and rejected Enzler's claim that "he pled guilty because his trial attorneys told him to do so and he was not in his 'right mind.'" *Montana v. Enzler*, 400 P.3d 227 (Mont. 2017) (Table). Reviewing the district court's findings upon Enzler's initial guilty plea, the Court noted that the

---

[1] The Montana Supreme Court refused to address this issue, finding it waived. *Montana v. Enzler*, 400 P.3d 227 (Mont. 2017) (Table). Enzler has not raised this issue in the federal habeas proceeding.

lower court "found that Enzler's 2011 guilty plea was made voluntarily and intelligently." Indeed:

> [Enzler] signed a written plea agreement and advised the court he 'read every page' and absolutely understood it. Enzler actively participated in the colloquy, assuring the District Court he was fully aware of the direct consequences of his plea and able to understand the proceedings. He was represented by counsel and he answered yes to the court's question if he was happy with the services of his attorney. He told the court that no one had pressured him to enter a guilty plea.

*Id.*

Enzler raises no argument that the state court's adjudication of his claim fails under AEDPA review, contending only that he is entitled to de novo review of the record under *Martinez* and *Trevino*. Because Enzler's claim was not procedurally defaulted and therefore the procedural default cannot be excused, the Court reviews under AEDPA.

Here, there is no issue of whether the state court applied the correct legal standard. *Bousley v. United States*, 523 U.S. 614, 618 ("A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'"); *accord Enzler*, 400 P.3d 227. Thus, Enzler's habeas petition "shall not be granted" unless the state court's adjudication of his claim of coercion "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Enzler faces a high bar; a state court's determination of a factual proceeding is "presumed to be correct" and cannot be overturned unless the applicant "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Enzler has not met his burden. He points to no conflict between the state court record and the Montana Supreme Court's determination that his plea was made voluntarily. The trial court held a hearing on Enzler's change of plea, and it was satisfied that Enzler entered his plea voluntarily and not at the direction of trial counsel. The Montana Supreme Court reviewed the trial court's decision and found it sufficient. The Court cannot find that the State Court's adjudication of Enzler's claim is "unreasonable." Even if the record were controversial as to this issue—and it is not—Enzler has fallen far short of presenting "clear and convincing evidence" to rebut the "presumption of correctness" afforded to the state court. 28 U.S.C. § 2254(e)(1).

Assuming, *arguendo*, that Enzler's IAC claim is procedurally defaulted but excused, the Court finds, as Judge Johnston did, that Enzler's position has no support in the record. Where a petitioner "can show cause and prejudice to excuse a procedural default, AEDPA no longer applies and a federal court may hear this new claim *de novo*." *Dickens v. Ryan*, 740 F.3d 1302, 1321 (9th Cir. 2014). Judge

Johnston thoroughly reviewed the record, looking for support for Enzler's claim of coercion. He found none, and neither does the undersigned. Tellingly, Enzler did not express any interest in going to trial, even when the sentencing judge varied from the plea agreement and expressly asked Enzler whether he would like to withdraw his guilty plea. (Doc. 13–7 at 29, 31.) Nor do any letters written contemporaneously to Enzler's plea suggest anything more than frustration that Enzler could not be found innocent if he did not go to trial; if the letters show regret, they also evince a clear commitment to avoiding trial. (*See* Doc. 14 at 17–19.) Under any standard of review, Enzler's petition must be dismissed as to this claim.

## II.     Competence

Enzler also argues that he is entitled to habeas relief because he was incompetent when he entered his guilty plea. For the sake of simplicity, Judge Johnston addressed the merits of Enzler's claim, reviewing the state court record de novo and ultimately recommending that the Court deny Enzler's petition as without merit. The Court agrees that Enzler's claim fails. The state court's denial of Enzler's postconviction claim, which must be afforded AEDPA deference, is reasonable. Moreover, as Judge Johnston determined, Enzler's claim cannot survive even under de novo review of the state court record.

Enzler misstates the standard of review demanded by AEDPA, asking the Court to review de novo because the state court's adjudication of his claim of incompetence "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). However, under AEDPA, the Court must defer to the state court's factual findings in deciding whether its denial of post-conviction relief was reasonable. 28 U.S.C. § 2254(d) (A habeas petition "shall not be granted" unless the state court's application of law or determination of facts is "unreasonable."); *Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."). Thus, the Court reviews de novo Judge Johnston's Findings and Recommendation, but it applies AEDPA deference in determining the reasonableness of the state court's adjudication of the claim.

Upon review of the state court record, the Court determines that "it plainly appears . . . that the petitioner is not entitled to [federal habeas] relief." Rule 4, Rules Governing § 2254 Cases in the United States District Courts. It is true that there is substantial evidence of Enzler's mental illness in both the state court record and his federal filings. Certainly, there is cause for concern about the effect of

incarceration on Enzler.  However, the only question before the Court on this issue is whether, applying AEDPA deference, the state court erred in finding that Enzler was competent to plead guilty in October 2011.

The state court reached a decision on the merits of this issue.  Three and a half years after he was sentenced, through court-appointed counsel, Enzler filed a post-sentencing motion to withdraw his guilty plea before the state district court. (Doc. 13-5 at 644.)  Counsel filed a psychological evaluation and moved the court to find Enzler unfit to proceed.  (*Id.*)  The court found that Enzler was "unfit to proceed at this time," and it ordered that Enzler be sent to the state hospital "for observation, evaluation, and treatment until it is determined that the defendant is fit to proceed in this matter or otherwise aid in his own defense." (*Id.*)  It is unclear why, but the Montana Department of Corrections refused the transfer, and Enzler was not moved to the hospital.  (*Id.* at 6.)  However, the district court did not rescind its order, and it never found Enzler fit.  (*Id.* at 7.)

After holding a hearing on the issue, the district court found that Enzler was competent at the time he entered his guilty plea. (Doc. 13-5 at 644–49.)  In so finding, the court rejected the opinion of a defense expert who testified at the hearing, Dr. Donna Zook.  Dr. Zook did not see Enzler until July 2014, but she opined that Enzler was incompetent at the time of his guilty plea, relying on her

later examinations of Enzler as well as a "raft of letters that Defendant has written to everyone involved in this case, including the Court," some of which were written around the time of Enzler's plea. (Doc. 13-5 at 646.)

In disagreeing with Dr. Zook and finding that Enzler was competent at the time of his plea, the district court relied on several pieces of evidence: (1) Enzler's active participation during his change of plea hearing, including his statement that he "read every page" of the plea agreement and understood it; (2) a 15-page presentence questionnaire Enzler completed shortly after pleading guilty, in which Enzler "intelligently answered the myriad of questions that were asked," (Doc. 13-5 at 646); (3) a "well and cogently written" pro se motion to clarify filed approximately one year after Enzler's sentencing, in which Enzler asked the court to recalculate his time served," (*id.* at 647); (4) the testimony of Dr. Bowman Smelko, a psychologist who conducted both a psychosexual evaluation and an assessment of Enzler's competence around the time of Enzler's guilty plea, that Enzler was competent at the time of the hearing," (*id.*); (5) the deposition testimony of a licensed clinical professional counselor, Tracy Vaughn, who also performed a psychosexual evaluation of Enzler in 2011, that Enzler was competent at that time (*id.*)[2]; and (6) Enzler's "experienced and competent" trial attorneys,

---

[2] As Judge Johnston noted, the Montana Supreme Court erred in its description of the post-conviction testimony of Dr. Smelko and Vaughn regarding Enzler's competence. (Doc. 14 at 6

who noted that Enzler "wrote the very words on the plea agreement that indicated that he was guilty," (*id.* at 648).

The Montana Supreme Court affirmed in a nonprecedential memorandum opinion. *Montana v. Enzler*, 400 P.3d 227. Reviewing the district court's factual findings for clear error, the Court held that those findings are "determinative" and "supported by substantial evidence." *Id.* Accordingly, it affirmed the district court's determination that Enzler was competent to plead guilty.

Reviewing Judge Johnston's Findings and Recommendation de novo and applying AEDPA deference to the state court's determination of this claim, the Court cannot agree with Enzler that the state court reached "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Even if it were conceivable that another judge would have found Dr. Zook's expert opinion persuasive,[3] this is not the appropriate inquiry. Rather, AEDPA allows the Court

---

& n.3.) This error is of no significance, however. The state district court, in weighing the evidence presented to it, made no such error. Moreover, Dr. Smelko actually did provide a competency assessment contemporaneous to Enzler's plea, which was tendered to trial counsel. Vaughn presumably did not—the record does not contain his deposition transcript—but he did, at minimum, offer testimony as to his personal recollections of Enzler around the time of his plea.

[3] The Court agrees with Judge Johnston's assessment of the problems with Dr. Zook's testimony, especially when this testimony is reviewed side-by-side against Dr. Smelko's testimony regarding the competency assessment he performed during the operative time period. (Doc. 14 at 6–16.)

to find for Enzler only if *every* reasonable judge would have adopted Dr. Zook's opinion. *Harrington*, 562 U.S. at 103. Having reviewed the state district court's factual findings, which are supported by the evidence submitted to that court and which were approved by the Montana Supreme Court on appeal, the Court finds that the state court's adjudication of Enzler's claim for incompetence was reasonable and cannot be set aside.

The Court accordingly adopts Judge Johnston's recommendation to deny Enzler's petition as to this claim.

### III.    Certificate of Appealability

The Court also determines that Enzler is not entitled to a certificate of appealability. Even if the Court were free to consider evidence that the state court rejected in its adjudication of Enzler's petition for post-conviction relief, Enzler has not introduced any such reliable evidence supporting his petition. Enzler has not "demonstrate[d] 'a substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (quoting 28 U.S.C. § 2253(c)(2)).

Reviewing the remaining portions of Judge Johnston's Findings and Recommendation for clear error and finding none,

IT IS ORDERED:

-14-

(1) Judge Lynch's Findings and Recommendation (Doc. 14) are

ADOPTED;

(2) Enzler's Second Amended Petition (Doc. 11) is DENIED;

(3) A certificate of appealability is DENIED; and

(4) The Clerk of Court shall enter judgment of dismissal by separate

document.

DATED this 19th day of December, 2018.

Dana L. Christensen, Chief Judge
United States District Court